IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UBS FINANCIAL SERVICES INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09CV367 |
| | ) | |
| TIMOTHY LOFTON, KYLE POLAND | ) | |
| and SHAWN ANDERSON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

THIS CAUSE CAME before the Court this 22nd day of May 2009, on the Complaint, the Motion of Plaintiff UBS Financial Services Inc. ("UBS") for a Temporary Restraining Order and a Preliminary Injunction, and the supporting Affidavits and Memorandum, due notice has been given to defendants Timothy Lofton ("Lofton"), Kyle Poland ("Poland") and Shawn Anderson ("Anderson") (collectively, "Defendants"), of UBS's Motion. The Court, having considered the foregoing documents and having heard argument of counsel, hereby finds:

A.  Under Section 13804 of the FINRA Code of Arbitration Procedure, UBS has the right to seek interim injunctive relief pending an arbitration hearing on the merits before a duly-appointed FINRA Panel.

B.  UBS's rights with respect to its property, proprietary and confidential information, competitive interests, and contract rights with Lofton, Poland and Anderson are being and will continue to be violated unless they are restrained in the manner set forth below.

C.  UBS will suffer irreparable harm and loss if Defendants are permitted to: (a) violate the restrictive covenants contained in the Defendants' respective retiring broker

agreements with UBS; (b) convert the property of UBS to their own personal use and benefit, and that of their new employer; and (c) solicit the patronage of any UBS customers that are the subject of the Retiring Financial Advisor Agreement and Receiving Financial Advisor Agreements that Defendants Anderson, Lofton and Poland signed, respectively.

    D.    UBS has no adequate remedy at law.

    E.    Greater injury will be inflicted upon UBS if the restraining order were denied than would be incurred by Defendants if the relief requested by UBS is granted.

IT IS HEREBY ORDERED AND DECREED THAT:

    1.    A Temporary Restraining Order shall issue immediately.

    2.    Defendants Timothy Lofton and Kyle Poland are immediately enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative, and/or employee of their new employer, Morgan Stanley & Co., Inc. ("Morgan Stanley") until further Order of this Court, from:

- Soliciting any business or otherwise initiating any contact with any Received Account as that term is defined in the Receiving Financial Advisor Agreements at issue in this case, that Lofton and/or Poland served during his employment with UBS, or any other Received Account customer or client of UBS whose name became known to Lofton or Poland while in the employ of UBS;

    3.    Defendant Shawn Anderson is hereby immediately enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative, and/or employee of their new employer, Morgan Stanley until further Order of this Court, from:

- Soliciting or otherwise initiating any contact or doing any securities investment business with any UBS client or customer whom Anderson previously served as a financial advisor of record for since January 31, 2007;

4. Defendants Timothy Lofton, Kyle Poland and Shawn Anderson are immediately enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative, and/or employee of their new employer, Morgan Stanley & Co., Inc. ("Morgan Stanley") until further Order of this Court, from:

- Using, disclosing, or transmitting for any purpose (including but not limited to solicitation of said clients), any information contained in the records of UBS relating to Received Account clients, including but not limited to, the names, addresses, and account and financial information of said Received Account clients; and using, disclosing, or transmitting for any purpose (including but not limited to solicitation of said clients), any information contained in the records of UBS; and

- Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in their possession or control which were obtained from or contained information derived from any UBS records, which pertain to Received Accounts whom Defendants served or whose names became known to them while employed by UBS, or which relate to any of the events alleged in the Complaint in this action.

5. Nothing in this Order prohibits Defendants from communicating with UBS clients who initiate contact (by telephone, email or otherwise) with Defendants.

6. Defendants and anyone acting in concert or participation with them, specifically including their counsel and any agent, employee, officer or representative of Morgan Stanley & Co., Inc., is further ordered to return to UBS's counsel any and all records, documents and/or other types of information pertaining to Retained Account customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage devices) or memorialized in any other form, within twenty-nine (29) hours of notice to Defendants or their counsel of the terms of this Order. Defendants counsel is permitted to keep a copy of the returned Customer Information for "attorneys' eyes only" for use in defending this proceeding

and/or in arbitration before FINRA Dispute Resolution. Defendants may keep a copy of Protocol-compliant information sourced from UBS regarding and service those clients who have transferred their accounts to Morgan Stanley as of the date of this Order. UBS will also provide to Defendants a list of the names of Received/Referred Account clients who cannot be contacted pursuant to the terms of this Order.

7. Any and all Customer Information within Defendants' possession, custody or control that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information software device, returned pursuant to Paragraph 6 above shall be permanently deleted by a computer consultant agreed to by the parties. With respect to Customer Information contained on computers or systems of Morgan Stanley, such Customer information shall be permanently deleted and an authorized representative of Morgan Stanley will certify that such Customer Information has been permanently deleted. Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer. Defendants, and anyone acting in concert with them, are precluded from reconstituting or in anyway restoring any Customer Information deleted pursuant to this paragraph and returned to UBS pursuant to Paragraph 6 above.

8. This Order shall remain in full force and effect pending further order of this Court.

9. Pursuant to §13804 of the NASD Code of Arbitration Procedure and §§3 and 4 of the Federal Arbitration Act, the parties are directed to proceed toward expedited arbitration on the merits of the controversy before a full Panel of arbitrators appointed in accordance with §10335 of the NASD Code of Arbitration Procedure.

10. A bond is set in the amount of $5,000 to be posted by May 29, 2009.

DONE and ORDERED in Chambers in Cincinnati, Ohio, this 22nd day of May, 2009.

*Susan J. Dlott*
PRESIDING JUDGE